BERRY *et al.* v. CITY OF STILLWATER *et al.*

No. 5899.   Opinion Filed December 14, 1915.

(153 Pac. 870.)

1.   **MUNICIPAL CORPORATIONS—Petition for Improvements— Requisites—Number of Signers.** It is not mandatory that the property owners' petition for improvements, required by section 617, Rev. Laws 1910, shall show upon its face that it was signed by a majority of the owners in the area of the land liable to assessment to pay for such improvements.

2.   **SAME—Determination of Sufficiency—Presumption.** Whether the owners of more than one-half of the land liable to assessment signed the petition is a question for the mayor and board of commissioners of the city to determine before taking action pursuant to the petition; and, in the absence of any attack, either direct or collateral, upon their findings, it must be presumed that they found that the petition contained the requisite number of names, and that this finding is correct.

3.   **SAME—Resolution of School District.** A resolution duly passed, signed, and attested by a school district, stating, in substance, that the school district favor and petition the city commissioners to pave a certain street upon which it owns abutting lots, a duly attested copy of which is filed with the proper municipal officers, constitutes a sufficient petition to meet the requirements of section 617, Rev. Laws 1910.

4.   **SAME.** Section 618, Rev. Laws 1910, provides: "Any property which shall be owned by the city or county, or any board of education, or school district, shall be treated and considered the same as the property of other owners, and the property of any city, county, school district, or board of education within the district to be assessed shall be liable and assessed for its proper share of the cost of such improvements, in accordance with the provisions of this article."

(Syllabus by the Court.)

*Error from District Court, Payne County;*
*A. H. Huston, Judge.*

Action by W. E. Berry and another against the City of Stillwater and others. Judgment for defendants. and plaintiffs bring error. Affirmed.

*C. L. Burdick,* for plaintiffs in error.

*Chester H. Lowry,* for defendants in error.

KANE, C. J. This was a suit in equity, commenced by the plaintiffs in error, plaintiffs below, for the purpose of securing a permanent injunction against the city of Stillwater and its officers, enjoining them from paving, grading, curbing, and guttering a portion of a street within the limits of said city, upon which said plaintiffs owned abutting lots. Hereafter the parties will be designated "plaintiffs" and "defendants," respectively, as they appeared in the trial court.

After the plaintiffs introduced all their evidence and rested, the trial court sustained a demurrer thereto, dissolved the temporary injunction theretofore granted, and rendered judgment in favor of the defendants for costs. Thereupon this proceeding in error was instituted for the purpose of reviewing the action of the trial court. The grounds for reversal are summarized by counsel for the plaintiffs in their brief substantially as follows:

(1) The property owners' petition for improvements required by section 617, Rev. Laws Okla. 1910, did not show upon its face that it was signed by a majority of the owners in the area of the land liable to assessment for street improvements, as is required by said section.

(2) Said petition for improvements was signed, "A. J. Hartenbower, Chrm. of the Brd. of Education." As under our statute there is no such person as "chairman of the board of education," the petition, in so far as it

purported to be the petition of school district No. 16, which owned lots abutting on said street, was a nullity.

(3) The board of education has no power to petition for paving for the payment for which the school district would be liable. The school district has only such powers as are given it by statute, and such as are necessarily implied within the scope of these powers expressly conferred; and the power to pave or otherwise improve the streets adjoining the property of the district is not expressly conferred.

(4) The signing of the petition contracting debt against the school district was in excess of the estimate provided for that year, and was therefore contrary to section 26, art. 10, Const., and void.

In our judgment, the property owners' petition for improvements filed herein contains all the necessary averments of fact and is sufficient. It is true that it does not specifically state that the property owners signing it own more than one-half in area of the land liable to assessment for such improvements, but that is not an absolute requirement of the statute. Whether the owners of more than one-half of the land liable to assessment signed the petition is a question for the mayor and board of commissioners of the city to determine before taking action pursuant to the petition; and, in the absence of any attack, either direct or collateral, upon their findings, it must be presumed that they found that the petition contained the requisite number of names and that this finding is correct.

In *Allen v. City of Portland,* 35 Or. 420, 58 Pac. 509, it was contended that the petition should show the requisite facts affirmatively, so that it would be perfectly per-

tinent and apparent without evidence *aliunde* that it was subscribed by one-half the property owners affected. In passing upon this question the court says:

"We believe the better view to be that the common council is clothed with, and acts in the exercise of, quasi judicial functions while in the employment of its power and authority under the charter in making such improvements. But the question as to its jurisdiction to act in any given case, like courts of limited, special, and inferior jurisdiction. is always open to inquiry; and, in any event, its decision or determination may be attacked collaterally for want of such jurisdiction."

On the next proposition we may grant that the petition signed as above indicated was not properly signed by the school district, and still the contention of counsel for the plaintiffs will not avail. Attached to the property owners' petition we find the following resolution:

"Be it resolved by the board of education of the city of Stillwater and outlying territory, school district No. 16 of Payne county, Okla.:

"That school district No. 16 and the board of education thereof favor and petition the commissioners of the city of Stillwater for the paving of Duck street from the north line of Ninth avenue to the north line of Eighth avenue, including the street intersections of Eighth avenue and Duck street; such paving to be of Bermudez asphaltic concrete at least two inches in thickness upon a four-inch concrete base, with all necessary curb, storm sewers, drains, gutters, grading and excavation, manholes, catch-basins, and inlet basins, to be thirty feet in width from the north line of Ninth avenue to the south line of Eighth avenue, the intersection of Eighth avenue and Duck street to have returns on the north conforming to the curbing and paving now in on Duck street north of the proposed improvement, and on the east, west, and south to have returns thirty feet in width from face of curb to face of curb.

"That the president or chairman of the board of education be and is hereby authorized to sign the name of 'The Board of Education of School District No. 16' to the petition for such improvements, and attach thereto a copy of this resolution to be duly attested by the clerk of the board of education with the seal thereto attached.

"Adopted and approved this 20th day of August, 1913.

"A. J. HARTENBOWER,
"President of Board of Education, School District No. 16, Payne Co. Okla.
"W. K. GRADY,
"W. W. KOLBURN,
"D. E. JONES,
"Members of Board of Education."

We think this resolution in itself, upon being filed with the proper municipal officer, constituted a sufficient property owners' petition to meet the requirements of section 617, *supra*. This section does not require a petition signed by property owners. It provides:

"If the owners of more than one-half of the land liable to assessment for any such improvement shall petition the mayor and council," etc.

It follows that under this section the petitioners may file several petitions, if they see fit, provided, in the aggregate, a sufficient number petition to comply with the statutory requirement.

To the principle that a school board has only such powers as are given it by statute there can be no dissent. Without inquiring in detail into the powers conferred upon boards of education in this state, it will be sufficient for the purpose of this case to call attention to section 618, Rev. Laws 1910, which provides:

"Any property which shall be owned by the city or county, or any board of education, or school district, shall

be treated and considered the same as the property of other owners, and the property of any city, county. school district, or board of education within the district to be assessed shall be liable and assessed for its proper share of the cost of such improvements, in accordance with the provisions of this article."

It seems to us that this section is a complete answer to the third contention of counsel. A case supporting this conclusion is *Board of Trustees of City Schools v. City of Sherman*, 91 Tex. 188, 42 S. W. 546.

Section 26, art. 10, Constitution, which counsel contends to be violated if this assessment is not enjoined, provides that:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose," etc.

Assuming, as counsel contends, that the mere signing of the property owners' petition contracted a debt, we are unable to gather from the abstract accompanying the brief of the plaintiffs in error whether such indebtedness would be in violation of the constitutional limitation. In the "estimate for general fund" we find an item: "Street paving, $741.69." This may or may not have been the estimate for paying the first assessment on this street paving contract. Mr. Hartenbower, testifying about this item, does not seem to be certain as to what it included, and, in the absence of positive evidence on this point, in view of the extremely technical nature of this objection, we do not feel called upon to speculate as to what the item really covers.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.