## RAMSEY v. CRENSHAW et al.

No. 16501—Opinion Filed Nov. 23, 1926.

### Municipal Corporations—Paving—Sufficiency of Petition by Property Owners—Statutes.

Under section 4592, C. S. 1921, providing that a petition for improvements shall be signed by a majority of the owners of the land liable to assessment for such improvements, it is not mandatory nor jurisdictional that the petition shall show upon its face that it was signed by a majority of such property owners; and the amendment of said section by section 7, ch. 173, S. L. 1923, providing that "such petition shall further show that the petitioners are the record owners of such land liable for assessment," does not alter the foregoing rule.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by Sam Ramsey against L. A. Crenshaw, Mayor, et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Walter Mathews, for plaintiff in error.

S. J. Berton, for defendants in error.

Opinion By JARMAN, C. On October 6, 1924, a petition signed by a number of property owners was submitted to the mayor and council of the city of Cushing for the paving of Noble street in said city. Sam Ramsey, the owner of certain properties affected by the paving proceedings, filed this action to enjoin the mayor and city council from taking any further proceedings towards paving Noble street.

The only ground urged here, that was presented in the trial court for the injunctive relief sought, is that the petition submitted by the property owners to the mayor and city council for the paving of Noble street did not allege that the parties signing said petition were the owners of more than one-half in area of the land liable to assessment for the paving of said street.

This court in the case of Berry v. City of Stillwater, 49 Okla. 560, 153 Pac. 870, in construing section 617, R. L. 1910, being section 4592, C. S. 1921, held that it is not mandatory nor jurisdictional that the property owners' petition for improvements shall show upon its face that it was signed by a majority of the owners in area of the land liable for assessment to pay for such improvements. Said section 4592, C. S. 1921, was amended by section 7, ch. 173, S. L. 1923, and it is contended by the plaintiff that the following language used in the amendment, "and such petition shall further show that the petitioners are the record owners of such land liable for assessment," was intended to and does require that the property owners' petition for improvements must allege and show on its face that a majority of the owners in area of the land liable to assessment to pay for such improvement signed the petition. It is the contention of the plaintiff that said amendment was made for the purpose of changing the rule stated in the Berry Case, supra. The language used in the amendatory section is not susceptible of the construction placed thereon and urged by the plaintiff. The purpose of this language was to require the petition to show that the petitioners. signing the same are not only owners, but that they are the record owners of the land liable for assessment. Theretofore, only a majority of the owners in area of the land liable to assessment were required to be shown by

the petition. The actual owners of the property in many cases might not coincide with the record owners, and it was the purpose of the Legislature by the 1923 Act, supra, to require the petition to show that not only the owners, but the record owners as well, were petitioning for the improvements.

For the reasons given, the judment of the trial court is affirmed.

By the Court: It is so ordered.