**DEAN et al. v. CITY OF NEW CORDELL et al.**

No. 20238.  Opinion Filed Sept. 15, 1931.

A. J. Welch, for plaintiffs in error.

LeRoy Jones and G. A. Paul, for defendants in error.

LESTER, C. J. This case involves an alleged error of the district court of Washita county in holding that public city property and the public school property within an improvement district may be counted and considered the same as the property of other owners in computing the amount of area necessary to constitute an improvement district.

The plaintiff in error concedes that if the law is the same as contained in section 4593, C. O. S. 1921, and is still in force and effect, then the case of Berry v. City of Stillwater, 49 Okla. 560, 153 P. 870, would be controlling. Section 4593, C. O. S. 1921, which was enacted by the 1907-08 Legislature, reads as follows:

"Public property not exempt from assessment. Any property which shall be owned by the city or county, or any board of education, or school district, shall be treated and considered the same as the property of other owners, and the property of any city, county, school district, or board of education within the district to be assessed shall be liable and assessed for its proper share of the cost of such improvements, in accordance with the provisions of this article."

The plaintiff in error contends that section 20, chapter 173, Session Laws 1923, is applicable and that said section constitutes a material departure from section 4593, supra, and therefore, the case of Berry v. City of Stillwater, supra, is not controlling. Section 20, chapter 173, Session Laws 1923, provides:

"Public property. Any property which shall be owned by the city, town or county or any board of education or school district, shall be treated and considered the same as the property of other owners, and such city, town, county, school board or board of education within such district to be assessed, shall annually provide by the levy of taxes in a sufficient sum to pay the maturing assessments and interest thereon."

Under section 4593, supra, it was provided that the property of any city, town, or county or any board of education or school district within the district would be liable and assessed for its proper share of the cost of such improvement. Under section 20, chapter 173, Session Laws 1923, the liability of property belonging to municipal units was omitted and instead said section 20 provided that an annual tax be assessed to pay maturing assessments and interest thereon. With the above exceptions the two sections are similar in character. Section 20, chapter 173, Session Laws 1923, in lieu of making the particular property of municipal units liable for assessment, a levy of taxes to meet said assessments was provided for. The substitution provided for is sound and sensible and furnishes no logical reason why this court should change the rule announced in the case of Berry v. City of Stillwater, supra.

Judgment is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.