**CITY OF SEMINOLE et al. v. FIELDS et al.**

No. 24358.   April 2, 1935.
Rehearing Denied May 7, 1935.

George E. Norvell, for plaintiffs in error.

Criswell & Huser, for defendants in error.

BUSBY, J. On October 7, 1931, C. R. Fields and Myrtle Fields, as plaintiffs, commenced an action in the superior court of Seminole county, Okla., to recover damages alleged to have been suffered by them as owners of certain described real estate located in the city of Seminole, Okla. They asserted, in substance, that on or about the 15th day of May, 1930, the city of Seminole, acting through its officers and agents, had constructed a dam near their property, thus impounding a large body of water which overflowed and stood upon their premises. They treated the injury as a total and permanent appropriation of their property, and as the principal element of their alleged damages sought to recover the full reasonable value of the property in the sum of $2,500. Other items of alleged damages as stated in their petition need not be mentioned in this opinion.

The plaintiffs' petition named the defendants in the action as "J. N. Harber, H. T. Riddle, J. B. Allen, J. C. Chadwick," and "H. C. Spear, as mayor and councilman, respectively, of the city of Seminole, a municipal corporation." The city of Seminole, as a municipal corporation, was not named as a party defendant.

Issues were joined by an answer filed on behalf of the defendants.

The above action was docketed and numbered as cause No. 370 in the superior court of Seminole county.

In the meantime on October 19, 1931, the city of Seminole had commenced a condemnation proceeding to acquire under the power of eminent domain the same land as was described in the petition in the damage action. C. R. Fields and Myrtle Fields were named as parties defendant in this proceeding.

In conformity with the procedure prescribed by section 11931, O. S. 1931 (which is by section 11935, O. S. 1931, made applicable to all corporations having the right of eminent domain), condemnation commissioners were appointed by the judge of the superior court of Seminole county. In due time the commissioners filed their report with the clerk of the superior court assessing the damages suffered at $368. Thereafter and pursuant to the provisions of section 11933, O. S. 1931, the defendants in the condemnation suit filed written exceptions to the report in which they demanded a jury trial on the question of damages. They also filed a separate request for a jury trial. It is important to note in this connection that the exceptions filed were directed at the amount of recovery. The defendants did not in any way contest the right of the city to acquire the whole or any part of the described land.

This condemnation proceeding was docketed in the trial court as cause No. 393.

The two cases above mentioned were consolidated in the trial court and tried as one, to a jury. A verdict for $2,500 was returned, on which judgment was rendered in favor of C. R. and Myrtle Fields and against "the defendants." Motion for a new trial was filed and overruled and the case is brought to this court on appeal by the city of Seminole and the various officers of that city as previously named in this

opinion, who appear herein as plaintiffs in error.. C. R. Fields and Myrtle Fields appear herein as defendants in error.

Very few exceptions were taken in the court below, which has caused considerable difficulty in determining what questions are properly before us for review. Counsel for the plaintiff in error, however, is not responsible for the state of the record, since he entered the case subsequent to the trial.

The plaintiffs in error say in their brief:

"It will be seen from a casual inspection of the record that by the terms of the verdict and the judgment, although the plaintiffs have recovered the full value of the freehold, yet the city of Seminole has acquired no right thereto by reason of the condemnation proceeding; and should this cause be affirmed, the defendants in error would be at liberty to withdraw their demand for a jury trial in the condemnation case and be entitled to receive the $368 awarded by the commissioners."

We do not so interpret the record in this case. The only issue submitted to the jury was the question of damages and this on a trial of the consolidated case after issues had been joined in the damage action and the demand for jury trial on the question of damages had been filed in the condemnation suit. Owing to the manner in which the case was tried, the verdict settled the amount of damages in both actions. The amount as determined by the jury is exclusive of any other compensation. The amount awarded by the condemnation commissioners, if and when paid, should be credited on the judgment.

There was no contest concerning the fact that the city had appropriated the land and constructed a lake thereon.

In the case of St. L. & S. F. Ry. Co. et al. v. Mann, 79 Okla. 160, 192 P. 231, we said in paragraph 1 of the syllabus:

"Where a public service corporation, vested with the power of eminent domain, enters into actual possession of land necessary for its corporate purposes, with or without the consent of the owner, and the owner remains inactive, stands by and permits such corporation to go on and spend large sums of money in constructing its railroad, or telegraph wires, or pipe lines, or mains, or plants, or other necessary fixtures, the owner is estopped from maintaining either trespass or ejectment, and will be regarded as having acquiesced therein, and is restricted to a suit for damages for the value of the land, on the theory that the public has acquired an interest in the appropriation. **Under such circumstances an appropriation will be treated as equivalent to title by condemnation."** (Emphasis ours.)

To the same effect see Peckham et al. v. Atchison, T. & S. F. R. Co. et al., 88 Okla. 174, 212 P. 427; Colclazier, Adm'r, et al. v. Simpson, 103 Okla. 232, 229 P. 1054; Blackwell, Enid & S. W. Ry. Co. et al. v. Bebout, 19 Okla. 63, 91 P. 877.

Since in the case at bar the Fields brought their suit on the theory that by the erection of a valuable permanent improvement (a lake dam) the city had permanently appropriated their property and sought damages for the total value of the land described as appropriated, the appropriation will be treated under the cases cited supra as equivalent to a title by condemnation.

Furthermore, in the condemnation proceedings, the right of the city to acquire the land by condemnation was not contested.

Better practice would suggest that the trial court enter its order confirming the right of the city to the land in question. In order to clarify the record it is directed to do so in this case.

Plaintiffs in error next state that:

"A petition which shows upon its face that the plaintiff is not entitled to recover is insufficient to support a judgment. * * * The petition plainly shows that no effort was made to charge the councilmen of the defendant municipality as individuals, and even though the allegations might be sufficient as against their codefendant, we do not see how it can be held to charge any 'individual liability."

Apparently this complaint is made in behalf of the defendants J. N. Harber, H. T. Riddle, J. B. Allen, J. C. Chadwick, and H. C. Spear on the theory that the judgment of the trial court being against "the defendants" generally renders the above-named persons individually liable.

This confusion arises out of the manner in which the damage suit was brought. As we have already seen, instead of naming the city as a party defendant, plaintiffs in the damage action sued the individual officers in their official capacity. An examination of the petition, however, shows that no attempt was made to state a cause of action against them as individuals. On the contrary, it affirmatively appears that the action was in reality against the city. It reads in part:

"Comes now said plaintiffs, and each of them, and for their causes of action against said **defendant,** allege and state: That said plaintiffs herein are residents of the city

of Seminole, Seminole county, Okla., and that said **defendant, city of Seminole,** is a municipal corporation, and that J. N. Harber is the duly elected, qualified and acting mayor of the city of Seminole and that H. T. Riddle, J. B. Allen, J. C. Chadwick, and H. C. Spear are the duly qualified and acting councilmen of said city of Seminole. * * *

"Plaintiffs further allege and state, that since on or about the 15th day of May, 1930, said defendant herein, **by its mayor and councilmen heretofore named, and their predecessors in office,** constructed a dam near the corporate limits of the said city of Seminole and near the property owned by said plaintiffs herein. * * *"

And in the prayer of the petition judgment is asked against the defendant, using the word in the singular.

The city should have been named as the party defendant and not its officers. See section 6349, O. S. 1931, and section 6352, O. S. 1931. In the case of City of Kingfisher v. Wilson S. Pratt, 4 Okla. 284, 43 P. 1068, we said in paragraph 2 of the syllabus:

"While a municipal corporation should always be sued in its proper name, where it is not so sued, but is sued by an incorrect name, and the defendant answers and goes to trial without objection and judgment is rendered, without objection, against the municipal corporation in its proper name, there is no error."

Since in this case no objection was made as to the manner in which the city was sued, and since the city proper as distinguished from its officers entered the litigation as plaintiff in the consolidated condemnation proceeding, the judgment is a valid judgment against the city. It is void, however, on the face of the judgment roll in so far as it purports to be against the individual officers named as defendants. This for the reason that no attempt was made to state a cause of action against them, and the judgment as against them was not within the issues tendered by the pleadings. The applicable rule in such a case having been stated by this court in paragraph 6 of the syllabus in State of Oklahoma ex rel. v. Moore, 167 Okla. 28, 27 P. (2d) 1048, as follows:

"A judgment or any portion thereof deciding an issue not tendered by the pleadings is void."

See, also, Standard Savings & Loan Association v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451; Nero v. Brooks, 116 Okla. 279, 244 P. 588.

Plaintiffs in error also complain of the manner in which the trial court stated the measure of damages in the instructions. Exceptions were not taken to the instructions; nor were requested instructions tendered in the court below. An examination of the record discloses there was competent evidence reasonably tending to support the verdict.

In the case of Allen v. Cubbison, 150 Okla. 116, 3 P. (2d) 677, we said in the 4th paragraph of the syllabus:

"It is well settled by this court that where there is competent evidence to show damages alleged and the verdict is not excessive, and when the complaining party does not request an instruction correctly stating the measure of damages, the cause will not be reversed because the measure of damages is inaccurately stated in the instruction."

The judgment of the trial court will not be disturbed on account of the instructions. There are other complaints made in the brief of plaintiffs in error which, under long-established rules of this court, cannot be considered by reason of the state of the record before us.

The judgment of the trial court is modified to provide that the city of Seminole alone is liable for the payment of the $2,500 judgment, and, as so modified, it is affirmed. The trial court is also directed to enter an order and judgment confirming the right of the city to the land involved.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.