DICKINSON, County Treasurer, et al. v. BROWN–CRUMMER INV. CO. et al.

No. 2712.

Circuit Court of Appeals, Tenth Circuit.

Aug. 6, 1943.

George Bingaman, of Purcell, Okl. (Ray G. Wilson, of Purcell, Okl., on the brief), for appellants.

Solon W. Smith, of Oklahoma City, Okl. (James G. Martin and Justus H. Fugate, both of Wichita, Kan., and James S. Twyford and William J. Crowe, both of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is a companion case to Dickinson et al. v. Tidd et al., 10 Cir., 137 F.2d 610, decided August 5, 1943. The controversy arose out of a bond issue for street improvements in the city of Purcell, Oklahoma. Default was made in the payment of some of the special benefit assessments levied against property in the district. The delinquent assessments were certified to the county treasurer as by law required, and the property liable was sold and bid off in the name of the county at the November, 1935 tax sale, and was further advertised for resale at the 1938 resale tax sale. For want of qualified bidders at that sale, the property was again bid off in the name of the county and a resale tax deed issued to the chairman of the Board of County Commissioners and his successors in office.

In 1938, as in the companion case, appellees instituted this action, alleging that the tax sale proceedings were void as to the delinquent special assessments for defects in the sale tax notices, and for the further reason that the special benefit assessments were not subject to resale tax sale by the county treasurer. The complaint further alleged that McClain County was liable for the full amount of special benefit assessments levied against Lot 1 in Block 96,[1] and for the full amount of such benefits due and unpaid against the following tract of ground:[2] Lot 5; the South 15 feet of Lot 6; the North 58 feet of Lot 6; the West 24 feet and 6 inches of Lot 6; Lots 7 and 8, all in Block 111, in the City of Purcell, Oklahoma. Appellees prayed for a decree determining that the resale tax sale did not extinguish the lien of the delinquent special assessments and reforming the tax deeds to recite that the property therein conveyed was subject to the lien of special assessments. They also prayed judgment for an accounting and determination of the exact amount of the assessments due on the community house tract and on the courthouse tract, and requiring the county to take necessary steps to make tax levies to pay the sums thus found due against these two tracts.

The court entered judgment as follows: (1) That the courthouse tract was subject to a special assessment lien in the sum of $42.84, with penalty thereon since September 1, 1932, and directed the county to take steps to cause a tax levy to be made for

---

[1] Herein known as the community house tract.

[2] Herein known as the courthouse tract.

the payment of such sums. (2) That the community house tract was subject to a special assessment lien, which, on September 1, 1940, amounted to the sum of $5252.-11, together with interest, and directed the county to take steps to cause a tax levy to be made for the payment of said sums. (3) That none of the assessments securing the payment of the street improvement bonds in District No. 2 were extinguished by the resale held in 1938, and that they were not extinguished by the issuance of the resale tax deed. (4) That the resale tax deeds to the courthouse tract and certain other lots, issued to the chairman of the Board of County Commissioners, be canceled and set aside. (5) That the resale tax deed issued at said sale to the chairman of the Board of County Commissioners to Lot 1 in Block 98, Lot 2 in Block 98, the East 61 feet and 5 inches of Lot 5 in Block 108, Lot 4 in Block 108, Lot 5 in Block 108, and Lot 4 in Block 119, in the City of Purcell be canceled and set aside insofar as they affect the special assessments securing the bonds issued for the street improvements.

■ All that was said in the Tidd case, supra, with reference to the power of the county treasurer to sell property, at resale tax sale, for the satisfaction of delinquent special benefit assessments, and the effect of such a sale on the lien of the bondholders, applies with equal force here, and our decision in that case is controlling on those questions here. The county treasurer had such power, and a resale tax deed issued by him in pursuance of such a sale extinguished the lien of special assessments.

The courthouse tract and the community house tract will be treated separately hereafter, and what follows applies to the lots and parcels of property involved other than these two tracts.

It is claimed that the November, 1935 tax sale was void because the notice failed to list and advertise all delinquent taxes due at that time, and that that defect invalidated the resale tax sale. The record reveals that there were unpaid ad valorem taxes for 1932 and 1931 against all of these tracts, and in some instances unpaid taxes for other years against some of them. It is claimed that failure to include these taxes in the November sale was a fatal defect and voided the sale. No Oklahoma decisions are cited in support of this contention. Decisions from other states are of little help, because obviously the answer depends upon the laws of the particular state where the question arises. In the view we take, an answer to this contention is not necessary to the decision.

■ At the time of the November, 1935 sale, there was in force Article 15, Ch. 66 of the 1935 Session Laws. Section 1 of this Act canceled all penalties, interest, and costs that had accrued on unpaid ad valorem taxes on real estate for 1932 and all prior years. The section contained the following provision: "Taxes levied and assessed for the year 1932 and all prior years shall again become delinquent on December 1, 1935, and if not paid on or before said date shall thereafter bear penalty of twelve (12) per cent per annum on account of the non-payment thereof prior to said time."

The effect of this statute was to postpone the power of the authorities to collect these taxes until December 1, 1935. Obviously, taxes not collectible until December 1, 1935, could not have been included in the November, 1935 sale proceedings.

■■ The November sale notice listed the paving tax due against the South 65 Feet of Lot 5, Block 88, as $1543.93, whereas the correct amount was $109.50, and against the West 42 Feet of Lot 10, Block 96, at $165.24, instead of $54.85, the correct amount. In Young v. Boswell, Okl.Sup., 134 P.2d 592, the sale tax notice made an error of sixty cents in listing the amount of taxes due. The court held the notice was fatally defective and the sale invalid. The November tax sale was invalid in respect to these two tracts. A valid resale tax sale can be predicated only on a valid preceding November sale. Gassaway v. Skiveers, 182 Okl. 9, 75 P.2d 1149; Welborn v. Whitney, 190 Okl. 630, 126 P.2d 263. The 1938 resale tax sale did not extinguish the lien of the special assessments against these two tracts.

—The Courthouse Tract—

■ The courthouse property did not belong to the county at the time the special assessments were made. This site was acquired by the county under eminent domain proceedings in 1927. None of the bondholders was made party to the condemnation proceedings. The county therefore took this property subject to the special benefit assessments. The total unpaid balance of the assessment against this

property was only $42.84, much less than the admitted value of the lots. Under these facts, the bondholders were entitled to a judgment against the county for the amount of the unpaid assessment, with interest and penalty. Clark v. City of Weatherford, 143 Okl. 165, 288 P. 278; Dean v. City of New Cordell, 151 Okl. 149, 3 P.2d 160; Blythe v. City of Tulsa, 172 Okl. 586, 46 P.2d 310.

—The Community House Tract—

■■ The county obtained a resale tax deed to this property in 1927, but these sale proceedings were only for the ad valorem taxes and would therefore not affect the lien of the special assessments. In 1936 the county dedicated the property to public use for the erection thereon of a community building to be erected by the federal government in conjunction with the Chamber of Commerce, the American Legion, the City of Purcell, and the County. Shortly after such dedication, the county commissioners obtained a decree in a quiet title proceeding, quieting its title to the lot. The bondholders were not made party to these proceedings and their lien was therefore not affected. The tract was among those sold to the county in the 1938 tax resale and a tax deed was issued to the chairman of the Board of County Commissioners. A community hall was constructed on this property, costing approximately $13,000.

■■ Neither the resale tax deed nor the decree in the suit to quiet title amounted to an acquisition of title by eminent domain. Harn v. State, 184 Okl. 306, 87 P.2d 127. But the county did appropriate this property by resolution and dedicated it to public use. Where one vested with the power of eminent domain enters into possession of property and makes lasting and valuable improvements thereon and those who have an interest in the property remain inactive and make no objection, the appropriation will be treated as the equivalent of a condemnation. St. Louis & S. F. R. Co. et al. v. Mann, 79 Okl. 160, 192 P. 231; Peck-

ham et al. v. Atchison, T. & S. F. Ry. Co., 88 Okl. 174, 212 P. 427; City of Seminole v. Fields, 172 Okl. 167, 43 P.2d 64. Under the circumstances in this case, the appropriation of this tract by the county must be treated as the equivalent of a proceeding in condemnation and the rights of the parties are the same as though a regular condemnation proceeding had been had.

■ Here the bondholders sat by and permitted the expenditure of approximately $13,000 of public funds for improvement of the tract on which they had a lien. Now they seek to obtain from a court of equity, not the full value of their security, but rather the greatly enhanced value resulting from the expenditure of public funds after the property had been appropriated to public use by the county. This they may not do. They are limited in their right of recovery to the value of the tract sans the value of the improvements placed thereon. (See cases cited supra.) The agreed value of the tract less the improvements is $400. This is the full extent of the county's liability.

The judgment of the trial court holding the courthouse tract subject to a lien in the sum of $42.84, together with interest, and directing that a levy be made for the payment thereof, is affirmed.

The judgment holding the community tract subject to an assessment lien of $5252.11, and interest, is modified, limiting the total amount of the lien to $400, without interest thereon, and as so modified the judgment is affirmed.

The judgment setting aside the 1938 resale tax deed to the South 65 Feet of Lot 5, Block 88, and the West 42 Feet of Lot 10, Block 96, insofar as it affects the lien of the special assessments, is affirmed.

As to all other tracts embraced in the judgment of the court, the judgment is reversed, and the cause is remanded with directions to proceed in conformity with the views expressed herein.

The costs of the action are assessed equally against the parties to the appeal.