## INCORPORATED TOWN OF PITTSBURG v. COCHRANE.

No. 33034. May 18, 1948.

Rehearing Denied Sept. 14, 1948.

*197 P. 2d 287.*

Guy L. Andrews, of McAlester, for plaintiff in error.

Suits & Fellers, Fred E. Suits, and James D. Fellers, all of Oklahoma City, for defendant in error.

LUTTRELL, J. This is an action in reverse condemnation brought by plaintiff, E. J. Cochrane, against the town of Pittsburg, a municipal corporation, to recover compensation and damages for the taking by defendant of a waterworks system supplying water to the town.

Plaintiff's petition describes the property as consisting of a 60-acre lake or water reservoir located upon approximately 240 acres of land, specifically described, 13,500 feet of six inch cast iron water pipe, and various other water pipes, including laterals, conveying the water to the town and distributing it to the inhabitants. It alleges that plaintiff is the fee-simple owner of said property; that the defendant, although having the right to condemn said property under its power of eminent domain, took possession of the property on or about January 16, 1942, wrongfully and unlawfully, for the purpose of appropriating the fee-simple title thereto, and now holds possession thereof without resorting to

condemnation proceedings to acquire the title as provided by law. It prays that the judge of the district court appoint three commissioners in condemnation to view the property and ascertain the compensation and damages due plaintiff for the taking thereof by defendant.

Defendant filed a response to said petition in which it is specifically denied that plaintiff is the owner in fee-simple or otherwise of the property described in his petition, or that he ever had any interest of any kind in the waterworks system; admits that defendant has taken possession of the property and has enjoined plaintiff from interfering with its operation of the waterworks, and admits that it has not compensated plaintiff for said property for the reason that he has no right, title, interest or estate in said property, and prays that the court adjudge that plaintiff has no right, title or interest in the property or any claim against defendant. This response was filed December 26, 1945.

On January 8, 1946, the district judge appointed three commissioners to determine and report the value of the property and the damages which plaintiff would sustain by the taking thereof. On April 17, 1946, the commissioners filed their report fixing the value of the property at the sum of $12,500 as the damages which the owner of the property sustained by the appropriation thereof by the town of Pittsburg.

Thereafter the town filed exceptions to the report, alleging among other objections that the trial court erred in refusing to permit it to prove that the plaintiff had no title or interest in the waterworks system; denied plaintiff's ownership in the property; alleged that by condemnation the town would not obtain a fee-simple title but would obtain only an easement entitling it to use the system, and that the value placed upon the property by the commissioners was not a value based upon the earning capacity of the system as a going concern, but was fixed upon a basis of the physical value of the property without regard to its use as a waterworks system. Defendant also filed a written request for a trial by a jury upon the value involved if its objections to the appraisement were overruled. The trial court, after a hearing upon the objections, overruled and denied the same. The court did not pass upon the sufficiency of plaintiff's title, and overruled defendant's request for findings of fact and conclusions of law. Defendant filed a motion for new trial, which was overruled, and defendant appeals.

Defendant contends that the trial court erred in refusing to permit it to introduce evidence showing that plaintiff had no title to the property involved. One angle of the litigation between the parties was appealed to this court, and in the decision in that case, Incorporated Town of Pittsburg v. Cochrane, 195 Okla. 593, 159 P. 2d 534, we held that upon the expiration of the corporate life of Pittsburg Water & Light Company, and the termination of its franchise, its property did not pass to the town, but that the town was entitled to possession of the property because of the right of eminent domain, the property being necessary for public use and welfare, and we upheld an injunction restraining plaintiff in the instant case from interfering with such possession. After that decision became final the town took no steps to condemn the property, and thereupon plaintiff brought this action.

In his petition plaintiff alleged that he is the fee-simple owner of the property, and in support of this allegation introduced in evidence the original tax deed whereby the property was sold for corporate taxes, and conveyances thereof from the purchaser to himself. He also introduced in evidence a judgment against the Pittsburg Water & Light Company, a corporation, or if dissolved, its successors, trustees and assigns, as well as its stockholders and directors. This judgment was rendered

January 10, 1942. The town was not made a party to that action. From the evidence in the instant case it appears that the town took possession of the property shortly thereafter.

We think the contention of defendant, as above stated, must be sustained. Our Constitution, art. 2, §§23 and 24, and statutes, 66 O.S. 1941 §§51 to 63, inclusive, provide that compensation for property taken for public use shall be paid to the owner or owners thereof as their interests appear. In an action in reverse condemnation, where one claiming to be the owner seeks to recover damages from a municipality for the taking of his property, his ownership or interest in the property must necessarily be established in order to enable him to recover.

In Lewis on Eminent Domain (3d Ed.) vol. 2, §659, the author says:

"Where the owner takes the initiative and institutes proceedings under the statute for an assessment of damages, or brings a suit at common law for the same purpose, he must prove his title, unless it is admitted, as that lies at the foundation of the suit or proceedings. Possession alone is sufficient to enable one to maintain a suit or proceeding for an injury which affects the possession, but not for the value of the property or injury to the fee."

The same rule is announced in 20 C.J. p. 1198, §558, and 30 C.J.S. p. 160, §427b. Therefore in this case the trial court should have placed upon plaintiff the burden of proving title to the property. Obviously, if he is not required to prove his title, and the town is precluded from attacking it, any judgment rendered against the town in his favor would be paid to him, although he might be a stranger to the title and have no interest therein. Certainly it cannot be contended that in such case the true owner of the property might not bring a similar action against the town and recover.

Plaintiff contends that defendant cannot question his title to the property unless it had some interest in the property at the time of the tax sale under which he acquired title, citing Sires v. Parriott, 106 Okla. 244, 233 P. 748, Colebrook Guaranty Savings Bank v. Lambert, 172 Okla. 80, 44 P. 2d 117, and other cases from other jurisdictions. These cases, in our judgment, are inapplicable because of factual differences. They do not involve questions similar to those presented in this case.

Nor does the judgment obtained by plaintiff against the alleged stockholders and directors of the defendant corporation preclude defendant from raising the question of whether or not the defendants in that case were the real owners of the property involved. The town of Pittsburg was not a party to that action, but it did have a present interest in the waterworks system, which was the sole supply of water to the town, and had the right of condemnation, at least after the franchise expired, if for any reason the right of its citizens to receive water therefrom was affected. This right on its part was not involved in the action between plaintiff and the alleged stockholders of the defunct corporation, and while the judgment taken in that case, if proper service was had upon the defendants, would be conclusive upon them and their privies, it would not conclude the town of Pittsburg.

While in the instant case the town of Pittsburg was not the real owner of the property at the time the judgment was rendered, it had, because the property was devoted to public use, the right to assert, when sued in reverse condemnation, that the defendants in the former action to quiet title were not the real owners of the property, and that the title of plaintiff depended solely upon the validity of the tax deed. Also under the authorities cited, and for the reasons stated above, the town could question the validity of the tax deed under which plaintiff claimed title.

In Wrightsman v. Southwestern Natural Gas Co., 173 Okla. 75, 46 P. 2d

925, we held that questions arising in a condemnation proceeding, other than those relating to the amount of compensation, should be tried and determined by the district court rather than by the district judge, and that the proper time for determining those questions was after the matter was brought before the court by objections to the report of the commissioners. It was therefore error on the part of the trial court to refuse to determine the question of plaintiff's title at the hearing upon the objections to the report of the commissioners. The question was properly raised by the objections to the report of the commissioners.

Defendant makes several other contentions, which we think should be determined in order to simplify the issues upon retrial.

The first contention is that the trial court erred in refusing to require plaintiff to file an answer or further pleading to its objections to the report of appraisers. Under our condemnation statutes above referred to, the only pleadings specified are the petition or application of the owner and exceptions to the report of the appraisers. Whether or not other or further pleadings may be filed rests in the discretion of the trial court, it being the duty of the trial court to require such pleadings to be filed as will present the issues to be determined. We have examined the petition filed by plaintiff and the response and objections to the appraisers' report filed by defendant as shown by the record, and they appear to sufficiently raise all issues necessary to a complete determination of the cause. We hold that the trial court did not err in refusing to require the filing of further pleadings by plaintiff.

Defendant also contends that, by asking in a former action, Incorporated Town of Pittsburg v. Cochrane, supra, that the title to the property be quieted in him, and that it be restored to him so that he could remove the same, and in refusing to agree to the condemnation of the property by the town, plaintiff made an election of remedies, and is now precluded from bringing this action in reverse condemnation. We do not agree with this contention. It appears that in that action the town claimed ownership of the property, asked for the appointment of a receiver, and, by its third cause of action, alleged that if it was not the owner it desired to acquire title to the property by condemnation of purchase. Our statutes above referred to provide a method of condemnation expressly made applicable to municipalities by 27 O.S. 1941 §5. This procedure may be followed where the owner is unwilling to sell his property, and the right of the municipality to invoke the remedy does not in any wise depend on the willingness or unwillingness of the property owner.

Election of remedies is predicated on the existence of facts giving the party an option to do one thing or the other. Freeland v. Dolen, 84 Okla. 286, 203 P. 182; Invader Oil Corporation v. Commerce Trust Co., 111 Okla. 85, 238 P. 441; 18 Am. Jur. 133, §10; 28 C.J.S. 1077, §11. Since the right to prevent condemnation by refusing to agree thereto was not vested in the owner, and the town was held to be entitled to possession, there could be no choice of remedies. In such case his only remedy was by a proceeding in reverse condemnation. Oklahoma City v. Wells, 185 Okla. 369, 91 P. 2d 1077, 123 A.L.R. 662.

Defendant also contends that the trial court erred in treating the taking of the property by it as a taking of the fee-simple title instead of an easement. In this we think the trial court did not err. The property consisted of real estate upon which the lake or water supply was located, and also of pipes and other property subject to depreciation in value, and the use by the town of the property would be, so far as the record shows, long continued and permanent in its nature. A similar contention was made in Ramsey v. Leeper,

168 Okla. 43, 31 P. 2d 852. In that case we said:

"When land is condemned for the purpose of providing a water supply, such as in the construction of a reservoir, or for incidental use in connection therewith as in the instant case, jurors and appraisers do not make any deduction in the price paid the owner of the land on the theory that it might revert to him. Such condemnation is made in contemplation of a future continued use."

11 O.S. 1941 §292 authorizes condemnation of the fee-simple title to property for waterworks. Shell Petroleum Corp. v. Town of Fairfax, 180 Okla. 326, 69 P. 2d 649. The trial court did not err in holding that compensation should be awarded on the theory that the town took fee-simple title to the property involved.

Defendant also urges that the valuation placed upon the property by the appraisers was excessive and arrived at by erroneous methods. Since defendant has requested a jury trial at which the value of the property will be determined by the jury, we deem it unnecessary to pass upon this question.

Reversed, with directions to grant a new hearing on the objections to the report of the appraisers or commissioners in accordance with the views herein expressed.

HURST, C.J., and RILEY, CORN, and ARNOLD, JJ., concur. DAVISON, V.C.J., and WELCH and GIBSON, JJ., concur in conclusion.

Rehearing Denied Sept. 14, 1948.