**Mollie GIBBS, Plaintiff in Error,**

v.

**OKLAHOMA TURNPIKE AUTHORITY, Hugh H. Haston, Ray Parcell, Bessie Parcell, Eugene Parcell, and Viola Parcell, Defendants In Error.**

No. 35748.

Supreme Court of Oklahoma.

June 14, 1955.

Young, Young & Young, by Glenn Young, Sapulpa, for plaintiff in error.

Leon Shipp, C. E. Barnes, Oklahoma City, Collins & Moore, Don W. Walker, Sapulpa, for defendants in error.

CORN, Justice.

Plaintiff, Oklahoma Turnpike Authority, filed suit to condemn certain described real property (13.77 acres) in Creek county, naming several individual defendants as parties claiming ownership, or some interest in the land to be condemned. Appropriate proceedings resulted in appointment of commissioners who adjudged the taking necessary and required for the condemner's purposes, and fixed the damages for such taking at $5,700. Plaintiff filed objections to the commissioners' report and demand for jury trial. Defendants filed answer and exceptions, alleging their ownership of the land, and denying plaintiff's right or authority to condemn the property.

Before the matter was set for trial intervener (plaintiff in error), filed motion for leave to intervene and petition in intervention. Therein intervener alleged she

was a restricted full blood Creek Indian, and owned fee-simple title to a 120-acre tract, encompassing the land sought to be condemned, by virtue of a warranty deed recorded March 5, 1943, same having been purchased with funds held in trust for her benefit by the United States government; that such deed contained the following restrictive clause:

"* * * subject to the condition that no lease, deed, mortgage, power of attorney, contract to sell, or other instrument affecting the land herein described or the title thereto shall be of any force and effect, unless approved by the Secretary of the Interior or the restrictions from said land are otherwise removed by operation of law."

The petition alleged five separate causes of action, whereunder intervener sought both legal and equitable relief by asking: (1) cancellation of fraudulent muniments of title whereunder defendants wrongfully had entered into possession of the property; (2) injunction against interference with her possession and use of the property; (3) damages for wrongful possession in the amount of the condemnation award; (4) decree impressing condemnation award with an equitable trust and ordering same distributed to intervener; (5) decree removing claims of other parties as cloud upon title and quieting her title to property.

Upon hearing the motion for leave to intervene was denied and this appeal was perfected from such order and judgment. As grounds for reversal intervener urges the following proposition.

"Because, by denying intervention, the trial court cannot avoid its duty to inquire into its own jurisdiction, and because only through intervention can the intervener, a full blood Indian, prevent the abuse of the trial court's process by its use to deprive her of her exclusively owned restricted property without notice or opportunity to be heard, the full blood's right to intervene is absolute and judgment denying the right will be reversed."

The argument in support of such contention may be summarized in the following manner. 12 O.S.1951 §§ 231, 236, 237, provide:

Section 231 provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

Section 236 provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

Section 237 provides:

"When in an action for the recovery of real or personal property any person having an interest in the property applies to be made a party, the court may order it to be done."

It is urged that in view of these provisions the right to intervene is absolute, the test being whether an action can proceed to final determination without prejudice to the rights of others. A number of our earlier decisions wherein intervention has been permitted are cited as authority for the argument that the right of intervention is a mandatory right which must be recognized. Review of these decisions reflects the inapplicability herein. Upon this basis the conclusion is drawn that such mandatory right must be recognized where the intervener's interest is shown and that final determination of the issue cannot be had without prejudice to the intervener. Thus, since it appears herein from the pleadings that intervener was the owner of the subject matter of the action, the trial court should be required to determine the questions as to title and right to the condemnation award.

Along the same line, it also is argued the trial court always has the duty to examine

into its jurisdiction in a particular case. Thus, since adjudication of the condemnation proceedings was impossible without determining ownership, right to condemn, and who should receive the award, intervener's presence in the case was indispensable for proper determination of these matters. Intervener recognizes the rule announced in Town of Okemah, Okl. v. United States, 10 Cir., 140 F.2d 963, but asserts that although the state court was without jurisdiction to entertain condemnation proceedings against land belonging to a restricted Indian, nevertheless the court could not be absolved of the duty to protect her rights where it had jurisdiction to act. Since the original parties had sought to use the state court to divest intervener of her property she was prejudiced thereby, and it became mandatory that she be "ordered" into the case as an indispensable party. The conflict in this argument is apparent.

We are of the opinion intervener's position is untenable for the following reasons. The petition disclosed the named defendants were the record owners and in possession of the land sought to be condemned. The petition in intervention reflected intervener was out of possession, and whatever claim she had, or might establish; was based upon the alleged falsity of defendants' title, rather than upon a record title in her own name sufficient to apprise the condemner her interest in the property was such as to require her being made a party.

Even had it been assumed intervener's claim of ownership was sufficient to require her being made a party to the condemnation action, the trial court would have been without jurisdiction to hear and determine her claim. The law is settled that property of restricted full blood Indians cannot be taken under a condemnation proceedings in the state courts. Town of Okemah, Okl. v. United States, supra; Grand River Dam Authority v. Parker, D. C., 40 F.Supp. 82. This is for the reason the United States has a governmental interest in enforcement of restrictions against alienation of lands held in trust, and where the relief sought would impair this function the United States is an indispensable party to such an action, which must be brought in the Federal Court.

The other point sought to be made in the argument is that, although the trial court was without jurisdiction to condemn intervener's property, it should have adjudicated the other questions raised in the petition, since this was the only means whereby her rights could be determined. This argument is without merit for the following reasons. Any attempt to condemn private property for public use without notice to the landowner, in violation of constitutional requirements, is void even though done under color of statutory authority. Const. Art. 2, Section 24; Watkins v. Board of Com'rs of Stephens County, 70 Okl. 305, 174 P. 523. Where the condemning authority fails to join the owner the condemner does not acquire any interest adverse to the owner. The proceedings are invalid as to such party and his interest in the property is not divested. And, where the condemner takes property without notice to, or consent of, the owner, an adequate remedy is provided for determination of the landowner's rights by way of a proceedings in reverse condemnation. See Delfeld v. City of Tulsa, 191 Okl. 541, 131 P.2d 754, 143 A.L.R. 1032; City of Seminole v. Fields, 172 Okl. 167, 43 P.2d 64; Incorporated Town of Pittsburg v. Cochrane, 200 Okl. 497, 197 P.2d 287.

The trial court was without jurisdiction to entertain the petition in intervention and the motion for leave to intervene properly was denied.

Judgment affirmed.

JOHNSON, C. J., and ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

WILLIAMS, V. C. J., dissents.