SOONER STATE WATER, INC., a Corporation, H. C. Long, Carrie Blevins, Lillian Bell, Mrs. R. L. Capps and Doyle Self, Plaintiffs in Error,

v.

The TOWN OF ALLEN, Oklahoma, a municipal corporation, Defendant in Error.

No. 40799.

Supreme Court of Oklahoma.

Sept. 22, 1964.

Rehearing Denied and Opinion Amended Nov. 10, 1964.

Leon S. Hirsh, James C. Harkin, Paul Johanning, Oklahoma City, for plaintiffs in error.

Busby, Stanfield & Orton, Ada, for defendant in error.

JOHNSON, Justice.

February 19, 1963, there was submitted to the voters of the Town of Allen, Okla-

homa, the question of whether the town should issue $30,000.00 in bonds for the acquiring of a water works. The question was approved by a vote of 142 to 72. The proceedings are admittedly regular and legal and have been approved by the Attorney General of Oklahoma.

Within the thirty-day period provided by statute, this action was begun by certain taxpayers of the town to enjoin the delivery of the bonds. At the conclusion of the evidence presented by plaintiffs in the trial court, a demurrer was sustained to the evidence, and the action dismissed. From this action this appeal is prosecuted.

Two propositions are urged for reversal:

1. Misrepresentation to the citizens regarding the use of the proceeds.

2. That the existing water system is a public utility which could not be acquired by eminent domain.

In connection with the first of these, it is urged that the voters were told:

(a) That the water system serving the town could be purchased for $15,000.00, which such statement was false;

(b) That if it could not be purchased, it could be acquired by condemnation;

(c) That a grant or a loan from the United States would be obtained to assure necessary additional funds;

(d) That the present system could be acquired with such funds.

In a consideration of these contentions, it is essential to consider the official proposition submitted to the voters. The question propounded was as follows:

"Shall the Town of Allen, Pontotoc County, State of Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the sum of Thirty Thousand ($30,000.00) Dollars, to provide funds for the purpose of acquiring and constructing a waterworks system to be owned exclusively by said town, and levy and collect an annual tax, in addition to all other taxes, upon all the taxable property in said town sufficient

to pay the interest on said bonds as it falls due, and also to constitute a sinking fund for the payment of the principal thereof when due, said bonds to bear interest at not to exceed the rate of six (6%) per centum, per annum, payable semi-annually, and to become due serially within twenty five (25) years from their date."

There is no evidence in this record of any misrepresentation in any of the official actions of the city council. The sole question involved is whether misrepresentations, if such there were, made by individuals in campaign speeches or newspaper advertisements, can be urged as a basis for invalidating the election results.

■ We are of the opinion that this case is comparable to the case of Reid v. City of Muskogee, 137 Okl. 44, 278 P. 339. The first paragraph of the syllabus reads:

"Inducements held out or promises made by a so-called 'citizens' committee' for the purpose of influencing voters in a municipal bond election are without any legal effect, and amount to no more than campaign argument which the voter could accept or not, and such inducements so offered, even if relied upon by the voters, do not constitute bribery, nor in any wise affect the validity of bonds otherwise legally voted."

In the body of the opinion appears the following:

"It appears that the inducement complained of in this case was contained in the proposition submitted by the irrigation company to the county, and the court was therefore called upon to determine whether same was improper and amounted to bribery, whereas, in the instant case, as hereinbefore stated, the alleged improper or illegal inducements complained of do not appear to have been made by any one authorized to speak for the city for Muskogee, and formed no part of the ordinance providing for the election nor of the

**656**

proclamation itself, and are therefore without any legal effect whatever, and, if made, amounted to no more than campaign argument, which the voters could accept or reject as they saw fit, and could in no wise affect the validity of the bonds, if otherwise legally voted. Any citizen or group or committee of citizens supporting or opposing the bonds had a right to make any argument they saw fit, and promises or inducements made by any citizen or group of citizens in a campaign such as involved herein are without any binding effect, and, even if relied upon by the voters, do not constitute bribery, and will not vitiate an election otherwise valid. Only when such inducements or promises inhere in the election itself are they of any binding force upon the municipality."

This particular case, insofar as it discusses the above, has been cited with approval in Borin v. City of Erick, 190 Okl. 519, 125 P.2d 768, and in the City of Sallisaw v. Nesbitt, Okl., 380 P.2d 954, 955.

■ In line with the Reid case, supra, and for the purpose of clarification, we hold that campaign arguments presented in speeches, pamphlets or newspaper advertisements made by committees, organizations or individuals, which arguments have no official status, cannot be used as a basis for voiding an election. Misrepresentations sufficient to void an election must have an official origin, i. e., appear in some phase of the bond proceedings. Neither is it sufficient that such misrepresentations be made by some city official speaking or acting in his individual capacity, and when such misrepresentations constitute no part of the official proceedings. It is beyond the realm of reason that the validity of bond issues, regularly adopted by a vote of the people, should depend upon the character of campaign speech or advertisement initiated by some individual or group acting in an unofficial capacity.

At the oral argument of this case it was conceded by the plaintiffs in error that the proceedings in the bond issue election were regular in every particular, and that the issue involved but one question: "Could a waterworks be acquired or constructed for $30,000.00?"

There being nothing in the official proceedings in this bond issue concerning the acquirement of the existing waterworks by eminent domain, the arguments in regard to this are in the same category as those set out, supra; hence, it is unnecessary to discuss this as invalidating the election. As to whether a public utility may be acquired by eminent domain is not before the court at this time. We were informed at the oral argument that an eminent domain suit is now pending in the District Court of Pontotoc County in which this question will of necessity be determined, subject to appeal to this Court.

■ We believe and hold that the determination of the amount necessary to accomplish the desired result of a bond issue is a matter which addresses itself solely to the governing municipal authority; that the money cannot be spent for some other project, and it therefore follows that if the desired result cannot be accomplished, the money cannot be legally spent. It is therefore beyond the authority of this court to declare a bond issue invalid and enjoin the issuance of the bonds upon the mere assertion that the result cannot be accomplished for the amount voted. If such is the case, the money cannot be spent, and it will not be presumed that the public officials will violate the law by such procedure.

Judgment of the trial court affirmed.

HALLEY, V. C. J., and DAVISON, J., concur.

BLACKBIRD, C. J., and BERRY, J., concur specially.

WILLIAMS, JACKSON and IRWIN, JJ., dissent.

JACKSON, Justice (dissenting).

In our Supplemental Opinion on Rehearing in City of Sallisaw v. Nesbitt, Okl., 380 P.2d 954, 955, we said:

"If extraneous considerations are of sufficient import to make a sale of the bonds improper, taxpayers have the remedy of enjoining the delivery of the bonds during the 30-day period provided by 62 O.S.1961 § 13."

The sole issue presented to us in this appeal is whether the extraneous considerations are of sufficient import to justify an injunction to prevent the delivery of the bonds. It is not contended that the bonds are invalid, or that the bond election was illegally conducted. It is contended by Sooner State Water, Inc., that the bond indebtedness was authorized by the voters while laboring under the erroneous belief, induced by the town council, that the existing water system owned by Sooner State Water, Inc., could be acquired by eminent domain and that when this was accomplished it would then be possible to obtain "Federal Aid." It is argued by Sooner State Water, Inc., (plaintiff in the trial court and appellant herein) that the town council sponsored that view and actively advocated the following procedure: (1) Obtain $30,000.00 by a bond issue; (2) acquire Sooner State's water distribution system, by condemnation if necessary; and then (3) obtain Federal Aid.

Plaintiffs introduced in evidence (Plaintiffs' Exhibit No. 1) a full page advertisement which was printed by The Allen Advocate. On this page are found statements which support plaintiffs' contentions above made. Some of the statements follow:

"This Extra is a Paid Advertisement by the Allen Town Board and all Views Expressed on this page do not necessarily reflect the opinion of this newspaper."

"One guy to another by V.H.G.

"On this page you will find a message from your City Councilmen. * * *."

"An Open Letter to Allen Citizens.

"* * * Your Town councilmen felt that the best way to proceed is to obtain sufficient funds to acquire the present system at a fair value and then we can obtain Government aid. If we do not obtain the present system we cannot obtain this Federal aid, because the Town would then be in competition with private enterprise."

The names of five councilmen are printed under this "open letter", together with the names of the Town Clerk and Town Treasurer.

In another article on the same page is found the following:

"* * * Furthermore, if Mr. Sheinbein (President of Sooner State Water, Inc.) and the Town Council cannot come to an agreement as to the terms of sale and purchase, the Town of Allen has the right of eminent domain to condemn the present water system and purchase it through the District Court of this County. Under the right of eminent domain the property value is first set by three appraisers appointed by the district judge. If the seller will not accept the appraisal then a condemnor may deposit the amount of the appraisement with the Court Clerk and take over the water system. * * But when condemnation proceedings are instituted, then a purchaser must have the cash on hand to deposit with the Court Clerk for the appraised price.

*       *       *       *       *       *

"The above are the reasons why the citizens of Allen have urged the Board of Trustees to go ahead with the present election on next Tuesday, February 19, to vote the bonds necessary for the first steps.

*       *       *       *       *       *

"Your Town Council
and
Citizens for a Better Water System!"

It is not denied that the Town Council authorized the publication of the full page

advertisement from which I have quoted, and there is evidence that it was distributed. The "Open Letter to Allen Citizens", from which I have quoted, was also published on the front page of the Allen Advocate on February 14, 1963, as reflected by Plaintiffs' Exhibit No. 2.

From the foregoing it is readily apparent that the Town Council speaking in concert and with a collective voice defined and explained the proposition that was submitted to the voters. (1) Shall we vote $30,000.-00 to acquire Sooner State's water system, by condemnation if necessary, and then (2) obtain Federal aid. The record before us does not disclose whether any "minutes" were kept by the town council which would reveal their plans.

In Reid v. City of Muskogee, 137 Okl. 44, 278 P. 339, it does not appear that the town council, as a town council, took any part in the campaign argument in support of the bond issue. Borin v. City of Erick, 190 Okl. 519, 125 P.2d 768, is more nearly in point. There the city council, as reflected by the minutes of the city council which were used in advertising in support of the bond issue, had determined to build a $110,000.00 electric plant. $60,000.00 to be raised by bond issue, and $50,000.00 to be supplied by WPA. After the bonds had been voted WPA withdrew its $50,000.00 grant. We concluded that since the voters had relied upon the $50,000.00 grant and approved a $110,000.00 plant and had not approved a $60,000.00 plant that an injunction should issue against the sale and delivery of the bonds.

This action for injunction was not brought by Sooner State in its character as a public utility. The action is brought by taxpayers upon the assumption that the delivery of the bonds may be enjoined if "extraneous considerations are of sufficient import to make a sale of the bonds improper". The extraneous considerations relied upon in support of their case is that Sooner State's water plant may not be acquired by eminent domain, as a matter of law, and that a new and competing water plant

cannot be constructed for less than $150,-000.00. Until we determine whether the extraneous considerations relied upon in this case are insufficient to require an injunction, we have not disposed of the issues presented by the plaintiffs in this action.

In briefs and oral arguments we are told that the Town of Allen has already filed condemnation proceedings. The question of whether the town has the power to condemn the water works system has, or undoubtedly will be presented in that action and may ultimately reach this court. If the Town is not authorized to condemn this plant, and we authorize the delivery of the $30,000.00 in exchange for the bonds, then the taxpayers of the town, it is argued, will be paying "at not to exceed the rate of six (6%) per centum, per annum, payable semi-annually, and to become due serially within twenty five (25) years from their date" without any beneficial return. Plaintiff taxpayers seek to avoid such a result in this action.

I believe we should dispose of the issue herein presented as to whether the Town of Allen may acquire Sooner State's water system by eminent domain, or we should withhold our decision herein until condemnation proceedings are final. Our failure at this time to determine whether the Town of Allen has the authority to acquire the water system by eminent domain, or withhold our decision until the condemnation proceedings are final, should not be construed as an expression of this court as to whether the Town of Allen may or may not acquire the water system by eminent domain proceedings.

In Town of Allen's briefs our attention is invited to 11 O.S.1961 § 291 et seq. and 11 O.S.1961 § 563, which gives cities and towns general powers of eminent domain to acquire land for the construction of a water system. Our attention is also invited to the two cases of Incorporated Town of Pittsburg v. Cochrane, 195 Okl. 593, 159 P.2d 534, and 200 Okl. 497, 197 P.2d 287. In explaining the decision re-

ported in 195 Okl. 593, 159 P.2d 534, we said in 200 Okl. at page 298, 197 P.2d at page 289, that:

" * * * we held that upon the expiration of the corporate life of Pittsburg Water & Light Company, *and the termination of its franchise,* its property did not pass to the town, but that the town was entitled to possession of the property because of the right of eminent domain, the property being necessary for public use and welfare, * *." (emphasis supplied).

In Bowles v. City of Enid, 206 Okl. 611, 245 P.2d 730, we held that municipalities may under the statutory law of eminent domain appropriate ground water for their reasonable municipal requirements, but we have not held that a municipality may under its power of eminent domain condemn the property and plant of a public utility to be used for the same purpose where the public utility is operating under a municipal franchise.

Sooner State invites our attention to 18 Am.Jur. Eminent Domain, Sec. 97, wherein it is said that property cannot ordinarily be taken to be used for the same purpose in the same manner; and to the annotation in 173 A.L.R. 1351, 1369, and 1378, wherein it is said that property may be taken by a municipality to be used for the same purpose *where such authority is specifically granted by the legislature.* In Vermont Hydro-Electric Corp. v. Dunn, 1921, 95 Vt. 144, 112 A. 223, 12 A.L.R. 1495, it was held that one relying upon legislative authority to condemn, under the power of eminent domain, land already devoted to a public use, has the burden of establishing such authority. In Oklahoma City v. Local Federal Savings & Loan Association, 192 Okl. 188, 134 P.2d 565, we said that property devoted to a public use cannot generally be taken for a different public use, but recognized that there are exceptions to the rule where the second taking is necessary to the public welfare.

Whether municipalities in Oklahoma are empowered to take by eminent domain a franchised water company's water system to be used by the municipality for the same purpose is an open question in this jurisdiction. Until that question is resolved, in view of the facts and issues presented in this case, I believe that a temporary injunction against the delivery of the bonds should be entered, or we should withhold our decision herein until that question has been finally settled in the condemnation proceeding now pending in the trial court. For these reasons, I must respectfully dissent.

I am authorized to say that IRWIN, J., concurs in the views herein expressed.

BLACKBIRD, Chief Justice (concurring specially):

One of the principal reasons I have concurred in the Majority's affirmance of the trial court's denial of an injunction in this case is that I have analyzed and weighed the "extraneous considerations" discussed in the Dissenting opinion of Mr. Justice Jackson, and have concluded that they are not of sufficient import to make the subject sale of bonds improper and to warrant the injunction sought.