Submitted on briefs March 22, reversed April 12, 1927.

# D. C. LATOURETTE *v*. COUNTY COURT OF CLACKAMAS COUNTY ET AL.

(255 Pac. 330.)

Highways—Resolution of County Court must Contain Description of Manner in Which Road is to be Changed and Public Necessity Therefor (Or. L., §§ 4541, 4556).

1. Resolution of County Court to alter, widen or straighten a road, under Section 4556, Or. L., must, in view of Section 4541, contain a particular description of the manner in which the road is to be altered, widened, straightened or relocated and the public necessity therefor.

Highways—County Court Never Acquired Jurisdiction to Make Alterations in Road, Where Description in Resolution was Insufficient and No Public Necessity was Stated (Or. L., §§ 4541, 4556).

2. Under resolution to alter, widen and straighten a road, which did not describe proposed alterations nor refer to record where correct description could be examined by persons interested, and statement therein that there was a public necessity therefor because large sums of money were being expended on the road and location and status should be on file was not a description of a public necessity, County Court did not, in view of Sections 4541, 4556, Or. L., acquire jurisdiction.

Highways—Mere Irregularities are Insufficient to Reverse Order of County Court Establishing a Road, Unless Injustice has Been Done to Party Interested (Or. L., § 4555).

3. Where jurisdiction has attached by proper petitions or resolution and required notice is given, mere irregularities will be insufficient to reverse order of County Court establishing a road, in

---

1. Statutory procedure for widening highway, see notes in 9 L. R. A. 95; 11 L. R. A. 59.

view of Section 4555, Or. L., unless grave injustice has been done to interested party.

**Highways—Provision That Road must be Sixty Feet Wide Unless Otherwise Ordered Held Part of Resolution Establishing Road but not Prescribing Width Thereof (Or. L., § 4539).**

4. Provision of Section 4539, Or. L., that all roads shall be sixty feet in width, unless otherwise ordered by the County Court, must be considered as part of resolution of County Court establishing a road but not prescribing its width.

---

Eminent Domain, 20 C. J., p. 881, n. 89, p. 882, n. 96.
Highways, 29 C. J., p. 507, n. 40, 46.

From Clackamas: J. U. CAMPBELL, Judge.

In Banc.

This is an appeal from a judgment of the Circuit Court dismissing plaintiff's petition for writ of review. Plaintiff appeals assigning numerous errors in the proceedings of the County Court for Clackamas County for the purpose of altering a certain road in said county. The proceedings were initiated by resolution of the County Court as prescribed in Section 4556, Or. L. The resolution was adopted by the County Court September 2, 1925, and designated Resolution No. 1224. The plaintiff's premises are affected by the proposed alterations of said county road for which he claimed damages to the extent of $2,500. Viewers allowed him $300. The order approving the report of the viewers and the establishing of the road as altered was adopted by the County Court by order dated January 6, 1926.

REVERSED.

For appellant there was a brief over the names of *Mr. John W. Loder* and *Mr. L. E. Latourette.*

For respondents there was a brief over the name of *Mr. Livy Stipp,* District Attorney.

COSHOW, J.—1, 2. The resolution provided for in Section 4556, Or. L., must contain substantially the same statement of facts as a petition of freeholders for the same purpose, excepting the particulars noted in said Section 4556. The resolution, therefore, must contain a description of the particular manner in which said road is to be altered, widened, straightened or relocated, as the case may be, and the public necessity therefor: Section 5441, Or. L. The petition under investigation, so far as material to the determination of the instant case, is as follows:

"In the Matter of the altering, widening and *straightening* the present traveled road, known as the Oregon City-Viola Road Nos. 304 and 289, to make it conform to the established survey of Market Road No. 20.

"RESOLUTION No. 1224.

"Whereas the County Court of Clackamas County has heretofore by appropriate order established Market Road No. 20 and it is now deemed proper to alter, straighten, widen and re-establish said road to make it conform to the established survey of Market Road No. 20, Oregon City-Viola Road.

"Whereas the altering, widening and reestablishment of said road, is a public necessity for the reason that large sums of money are being expended on the same, and the exact location and status of said road should be on file for all time to come; that the County Court of Clackamas County, Oregon, hereby declare its intention to widen, alter, straighten and reestablish what is usually known as the Oregon City-Viola Road, to make the same in all respects to conform to the accepted survey of said Oregon City-Viola Road, Market Road No. 20, as follows."

Then follows a description of the road by describing the terminals, the general course and the names of the land owners to be affected. The resolution also

directs the county surveyor to post notices as required by law and that said resolution come on for hearing on the seventh day of October, 1925. This resolution is duly signed, and the affidavit of D. T. Meldrum, county surveyor of Clackamas County, shows that four notices were posted: Three in the vicinity of the road to be changed and one on the courthouse bulletin-board. Attached to the proof of notice is a copy of the resolution which was posted. The copy shows that the names of the county judge and county commissioners appear at the foot of the resolution. The copy of the resolution was duly certified by the county clerk. The resolution came on for hearing on the seventh day of October, 1925, and is entitled, ''In the Matter of the Resolution of Market Road No. 20.'' At this time the court by order appointed D. T. Meldrum, county surveyor, and A. H. Knight and R. A. Schuebel, disinterested freeholders of Clackamas County, viewers, and directed them to meet at the courthouse October 15, 1925, at 9 o'clock, A. M., to view, survey if necessary, lay out, relocate or change said road to be located, and to assess and determine how much less valuable the premises through which the said road is located and set forth the same in their report, and to file said report in the office of the county clerk on or before the twenty-fourth day of October, 1925. The road viewers duly reported in conformity with said order. Their report is dated October 14, 1925. The only reason for making the alterations and locating a road embodied in their report is in the following language:

''We, the undersigned Board of County Road Viewers, having been heretofore directed by an order of this Court, at its last regular term, to view, survey if necessary, locate, relocate, alter or change said

road and report upon the practicability of a road in Township 2 & 3 South of Range 2 & 3 East of the Willamette Meridian, and to assess the damages sustained by the lands through which said road passes, would respectfully report that we met at the place of beginning of said road on the 14th day of October 1925, and proceeded to view, survey and locate the road as described in the petition heretofore filed herein.

"We find such route practicable for a good wagon road, and that such road is of public necessity in that large sums of money are to be spent in the improvement of said road and the exact location and status of the .same should be definitely known. We therefore do recommend that said road be established as a County road.

"We find that there will be damages to the premises through which said road is to be located; that said premises will be rendered less valuable by reason of said location, and we assess the damages as follows:

"D. C. LATOURETTE.          $300.00.
"ED LEEK.                      50.00."

A description of the road as contained in the resolution is contained in the directions issued by the county clerk to said road viewers. The report of said county viewers is not entitled in any road matter and contains no description, except as set out above. There is contained in the return to the writ of review a document not entitled in any matter but headed as follows:

"Field Notes of Market Road No. 20.

"The same being the field notes of the survey of Resolution No. 1224, Clackamas County, Oregon. Located by the Board of County Road Viewers on the 14th day of October, 1925."

Then follows the field-notes to which is added the following certificate:

"I hereby certify that the foregoing is a true and correct copy of the original field notes of Market Road No. 20, Clackamas County, Oregon, located by the Board of County Road Viewers on the 12th day of October, 1925.

"(Sgd.)   D. T. MELDRUM,<br>"County Surveyor."

By reference to the excerpts from the resolution it will be seen that the description does not contain the particular manner in which the road is to be altered, widened, straightened or relocated, unless it is found in the first paragraph thereof, which reads as follows:

"Whereas the County Court of Clackamas County has heretofore by appropriate order established Market Road No. 20 and it is now deemed proper to alter, straighten, widen and re-establish said road to make it conform to the established survey of Market Road No. 20, Oregon City-Viola Road."

The record discloses, however, that on September 2, 1925, the survey of Market Road No. 20 had not been made or established. As shown above by the report of the viewers, that survey was not made until October 12, 1925, a month and ten days after the adoption of the resolution by the County Court. This information appears not only from the body of the field-notes but also from the certificate of the surveyor appearing at the foot of the field-notes. There was then at the time said resolution was adopted no established survey of Market Road No. 20. How, then, could a property owner along the road mentioned in the title to said Resolution No. 1224 inform himself of the manner in which the road was to be altered or changed, or how his property was likely to be affected by such alteration? The only

notice given to property owners is a copy of said
resolution posted in four public places in the county.
The purpose of requiring copies of the resolution to
be posted is to give to the land owners along the route
of the proposed road or road to be altered notice of
the manner in which such road or alteration will
affect his premises. It is idle to refer to an estab-
lishd survey for information when no such survey has
been made. The resolution would have been in-
definite even if it had referred to a survey mentioning
the place where the description contained in the sur-
vey could be seen and read. The writer is inclined
to the opinion that the description of the proposed
alteration of an established road should be embodied
in the resolution so that information would be given
directly to land owners in a way to convey to them
a clear idea of the nature of the alterations which
would be likely to affect their land. But in any event
such information should be on file or on record in a
public office to which the land owner has free access.

The only statement of the public necessity for the
alterations and relocation is contained in the follow-
ing language:

"Whereas the altering, widening and re-establish-
ing of said road, is a public necessity for the reason
that large sums of money are being expended on the
same, and the exact location and status of said road
should be on file for all time to come."

This statement is hardly a description of a public
necessity. To say the least it is extremely indefinite.
If the alignment of the road is sufficient, if the grades
of the road are practicable, if the ground occupied by
the road is capable of becoming a firm roadbed, the
fact that large sums of money are to be expended

would not describe a public necessity for alterations. The petition should have stated what constitutes a public necessity for alterations and relocation. It appears that the road was relocated through the premises of the plaintiff requiring cuts and fills. The fact that the county is going to expend large sums of money in improving the road is not a reason for making such a change in the location, so far as the record discloses. Change in a road is made for the purpose of improving the alignment, the grades, width or nature of the soil over which it is located. Changes in a road with sharp curves or angles, with steep grades, narrow borders and over unsuitable ground should be made before the expenditure of large sums of money to improve the road. But merely stating that expenditure of large amounts in improving the road without more does not state any public necessity for the changes. Such statement presupposes the information required by the statute to be given. We have to call upon our imagination to determine what public necessity requires said alterations or relocation. Large expenditure of money is not a public necessity for changing location of a road.

3. Other alleged errors are assigned in plaintiff's brief, many of which are well taken but we believe are not jurisdictional. One of the other assigned errors was that the directions to the viewers required them to meet at the courthouse at 9 o'clock on a certain day. Instead of following the directions, their report shows that they met at the beginning of the road to be altered which was not at the courthouse. While we adhere to the former decisions of this court requiring strict compliance with the statute in road matters, yet where jurisdiction has attached by

proper petitions or the adoption of the proper reso-
lution and the required notice is given, mere irregu-
larities will not be sufficient to reverse the order of
the County Court establishing a road, unless it clearly
appears from the record that grave injustice has been
done to an interested party: *Steiwer* v. *Steiwer,* 112
Or. 485, 489, 490 (230 Pac. 359); Or. L., § 4555;
*Lauderback* v. *Multnomah County,* 111 Or. 681 (226
Pac. 697); *Keane* v. *Portland,* 115 Or. 1, 7 (235 Pac.
677); Lewis, Eminent Domain (3 ed.), § 387; Elliott,
Roads and Streets (3 ed.), § 355; 20 C. J. 881, § 310.

4. Another assigned error is that the resolution
does not prescribe the width of the road when
widened as proposed by the resolution. The law pre-
scribes that all roads shall be sixty feet wide, unless
otherwise ordered by the County Court: Or. L.,
§ 4539. This provision must be considered a part of
the resolution unless a different width is specified
therein. It would not confer jurisdiction on the
County Court to alter the road so as to establish any
different width.

The other errors assigned are of a similar nature
and from the conclusion we have reached it is not
necessary to further discuss them. Strict compliance
should always be made with the statute in road mat-
ters. It should ever be kept in mind that the laying
out of a road over private property is taking that
property against the will of the owner and that it
cannot be taken even by the state, except by strictly
pursuing the procedure prescribed by statute for that
purpose.

Because the resolution does not describe the pro-
posed alterations of the road mentioned therein, nor
refer to any record where a correct description could

be examined by any person interested, and fails to state any public necessity for the proposed alterations the County Court never acquired jurisdiction to make the alterations proposed. For those reasons the judgment of the Circuit Court is reversed and the case remanded, with directions to sustain the writ and annul the proceedings of the County Court.

REVERSED AND REMANDED.

BURNETT, C. J., and BEAN, J., concur in result.