BLALOCK *v.* WEBB *et al.*

No. 13437. SEPTEMBER 25, 1940.

■

770

*A. S. Clay, Mitchell & Mitchell,* and *Hirsch, Smith & Kilpatrick,* for plaintiff.

*Virlyn B. Moore Jr.,* and *Crenshaw, Hansell & Gunby,* for defendants.

DUCKWORTH, Justice. A controlling question presented by the record is whether or not the devise in the will constitutes color of

title which will ripen by prescription when adverse possession has been held thereunder for the statutory period of seven years. Code, § 85-407. A solution of this question involves in the present case a determination of the incidental question as to whether the legatees can hold adversely to the grantee in a security deed previously executed by their testator. It is obvious that if the devise is color of title, bona fide possession thereunder for a period of seven years will ripen into perfect title as against every one. The very purpose of the law in providing for prescriptive title is to extinguish the claims of all others in the land. If such adverse possession ripened into title that was good only as against those having no claim to the land, the law would be useless and could serve no purpose. The manifest purpose of the law is to establish title that is good against all legal and legitimate rights and title formerly held by others, but forfeited by reason of adverse possession. Whether such rights be founded upon a mere lien such as a mortgage, upon title for a limited purpose such as a security deed, or upon an absolute and unconditional title, makes no difference. This is not an unfair or harsh rule of law. Those having an interest are given seven years in which to act to protect their interest. The statute puts them on notice in advance of the result if they fail to act. Thus it is seen that where title is acquired by prescription, those having an interest which is forfeited have virtually sanctioned the forfeiture and have aided in the establishment of prescriptive title by their inaction. In *Harriss* v. *Howard,* 126 *Ga.* 325 (2) (55 S. E. 59), this court said: "A devise of land under a will duly recorded may give color of title." Then, in *Caraker* v. *Brown,* 152 *Ga.* 677 (111 S. E. 51), this court held that a devise under a will was color of title, and that the legatees thereunder could hold adversely to the grantee of their testator. This court in that case went further than the facts in the present case require us to go. It was there held that the executor, the legatee, and the grantee of the legatee could all hold adversely to a grantee of the testator; and it was held that the possession of the executor could be tacked to that of the vendee of the devisee, to make out the necessary period of prescription. It follows that the defendant legatee and heirs of legatees in the present case, who the evidence shows knew nothing of the existence of the plaintiff's claim until the present suit was filed, and who have held possession of the premises in-

volved under the devise for more than seven years, acquired title by prescription, and that the evidence demanded the verdict in their favor.    *Judgment affirmed.    All the Justices concur.*