DORA BELLE HARRIS, individually and as Administratrix of the Estate of Isaac Harris, Deceased, IRMA REED and BEULA SPENCE, (substituted for Isaac Harris, Deceased)

*Plaintiffs in Error,*

vs.

The Board of County Commissioners of the County of Hot Springs, Wyoming,

*Defendant in Error.*

(No. 2736; September 18, 1956; 301 Pac. (2d) 382)

For the plaintiffs in error the cause was submitted upon the brief of O'Mahoney & Correll of Worland, Wyoming, and oral argument by Mr. Frank B. O'Mahoney.

For the defendant in error the cause was submitted upon the brief and also oral argument of Chester Ingle, County and Prosecuting Attorney of Hot Springs County, Thermopolis, Wyoming.

## OPINION

BLUME, Chief Justice.

This is an appeal by Dora Belle Harris, individually and as administratrix of the estate of Isaac Harris,

deceased, and Irma Reed and Beula Spence, plaintiffs in error, from an order of the district court of Hot Springs county, Wyoming, relating to a public road which partially runs through the lands of the plaintiffs in error. On January 10, 1956, plaintiffs in error, through their attorney, duly filed their brief on appeal, but failed to file an abstract of the record required by rule 37 of this court. On June 8, 1956, a motion to dismiss the proceeding in error was thereupon filed by the respondent on account of such failure. Counsel for plaintiffs in error thereupon and on July 12, 1956, filed a motion to permit the abstract of the record to be filed now and gave his sickness as an excuse for not filing it on time, although he admits that he had a partner to whom the matter might have been referred. Since counsel for plaintiffs in error was able to prepare his brief and look up the authorities cited by him, we cannot, we think, accept the excuse offered for not filing the abstract of the record in time and must sustain the motion to dismiss.

Moreover an examination of the record herein has convinced us that no injustice will result from dismissing the appeal. The board of commissioners of Hot Springs county, Wyoming, on May 6, 1953, adopted a resolution to establish the so-called Lucerne-Black Mountain road, giving the course and its termini, stating the public interest requires the establishment of the road which in part runs through the land of Isaac Harris. A notice by the county clerk of the location of the road was duly published for three consecutive weeks in a newspaper of the county, the notice giving the location of the road with its course and termini, calling on landowners to file their claims for damages and stating the location and width of the road were shown on the map in the office of the county clerk of Hot Springs county. The map sought

to be introduced in evidence, but for some reason which we do not understand, it was not admitted. It shows the width of the road to be 150 feet. The county clerk of Hot Springs county testified regarding it as follows: "It has been with me since the proposed road —since they brought it in to be presented so the people could come in and make their objections." On May 25, 1953, Isaac Harris filed his claim for damages in the sum of $13,000. Appraisers were duly appointed who awarded Harris damages in the sum of $450. Thereupon on August 6, 1953, Harris appealed from the amount of the award, filing a bond in that connection. Thereafter Isaac Harris died and on motion Dora Belle Harris, individually and as administratrix of the estate of Isaac Harris, deceased, Irma Reed and Beula Spence, were substituted as parties in the case. In the meantime the road was being constructed, and judging from the record, at great expense. By May 1954, as the record shows, $62\frac{1}{2}\%$ of the road had been constructed and as stated on the oral hearing of this case, nearly all of it or substantially all of it had been constructed by the end of that year. On January 25, 1955, Dora Belle Harris filed her so-called specifications of error in connection with the appeal to the district court, and then for the first time set forth that the proceedings of the board of county commisioners were so defective as to amount to lack of jurisdiction to establish the road. The district court held the establishment of the road to be necessary; that the proceedings were valid, and allowed the plaintiff in error damages in the amount of $1453, which counsel for defendant in error contends is too much, and which, in view of the conflicting testimony, is, we think, sufficiently liberal. From this judgment the plaintiffs in error have appealed to this court.

There are a number of inexcusable irregularities in the establishment of the road. But by filing a claim for damages all irregularities were waived. 39 C.J.S. § 76, p. 1009; 29 C.J.S. § 314, p. 1347. Plaintiffs in error claim, as already stated, that the resolution establishing the road did not state the width of it and that this is jurisdictional. We are cited to Latourette v. County Court of Clackamas County, 121 Or. 323, 255 P. 330, where it was held that the width of the road should at least be shown on a map on file. The notice of the location of the road referred to the width of the road, in that it referred to a map, which, though apparently not marked as filed, was actually on file in the office of the county clerk of Hot Springs county. Assuming that the resolution of the board of commissioners should have stated the width of the road, and that what was actually done was irregular, we doubt that in view of the facts herein, the board was without jurisdiction. Moreover the claim of want of jurisdiction was not made for about 20 months after the adoption of the resolution to establish the road. In the meantime the county and State Highway Department expended large amounts of money and the construction of the road is completed. It would seem to be clear that under these circumstances the plaintiffs in error should be held to have acquiesced in the construction of the road and are confined to the recovery of damages. This is substantially the holding in Ward v. City of Monrovia, Cal.App., 100 P.2d 836, 841, 16 Cal.2d 815, 108 P.2d 425; Dickinson v. Brown-Crummer Inv. Co., CCA Okla., 137 F.2d 615; Vinson v. Oklahoma City, 179 Okl. 590, 66 P.2d 933; City of Seminole v. Fields, 172 Okl. 167, 43 P.2d 64; St. Louis & S.F.R. Co. . Mann, 79 Okl. 160, 192 P. 231, and numerous cases cited. See also Decennial Digest under Eminent Domain § 280. No good purpose would be subserved by compelling the

county to again commence proper condemnation proceedings, especially in view of the finding of the court that the road is necessary.

The appeal is dismissed.

Dimissed.

Harnsberger, J., and Parker, Jr., concur.